24-2985-cv
*Mezzina v. Port Imperial Ferry Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

COSMO MEZZINA,

> *Plaintiff-Appellant*,

v.                                                                                     24-2985-cv

PORT IMPERIAL FERRY CORP.,
d/b/a NY Waterway,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:            ANDREW V. BUCHSBAUM, Friedman, James & Buchsbaum LLP, New York, NY.


For Defendant-Appellee:            GREGORY W. O'NEILL (Kevin J. O'Donnell, Elizabeth A. McCoy, *on the brief*), Hill, Betts & Nash LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Cosmo Mezzina appeals from a judgment entered on February 20, 2024, by the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *District Judge*) in favor of Defendant-Appellee Port Imperial Ferry Corp., doing business as NY Waterway ("NYW"). Mezzina is a seaman who brought this action against his employer, NYW, after he fell into an open hatch and suffered injuries while working on the *Garden State*, a passenger ferry owned and operated by NYW. He seeks to hold NYW liable under two theories: negligence under the Jones Act, 46 U.S.C. § 688, and unseaworthiness under general maritime law. The district court granted summary judgment for NYW, concluding (1) that no reasonable jury could find that NYW was negligent in failing to close the open hatch or install a physical barrier around it, and (2) that NYW had not furnished an unseaworthy vessel. The court also refused to preclude NYW from contesting liability, as Mezzina had requested, due to its purported destruction of photographs taken by the *Garden State*'s captain. Mezzina now appeals, arguing that the district court improperly granted summary judgment for NYW and that it erred in refusing to preclude NYW from contesting liability. We assume the parties' familiarity with the case.

## I.       Summary Judgment[1]

This Court reviews a grant of summary judgment *de novo* and will affirm only if the record reveals no genuine issue of material fact for trial.  *Eaton v. Estabrook*, 144 F.4th 80, 89 (2d Cir. 2025).[2]  To establish Jones Act negligence, a plaintiff must show: "(1) that a dangerous condition actually existed on the ship; (2) that the defendant shipowner had notice of the dangerous condition and should have reasonably anticipated the plaintiff might be injured by it; and (3) that if the shipowner was negligent, such negligence proximately caused the plaintiff's injuries."  *Diebold v. Moore McCormack Bulk Transp. Lines, Inc.*, 805 F.2d 55, 58 (2d Cir. 1986).  While the "right of the jury to pass upon the question of fault and causation" in Jones Act cases "must be most liberally viewed," *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 45 (2d Cir. 2004), summary judgment may be appropriate where "there can be but one conclusion as to the verdict that reasonable men could have reached." *Diebold*, 805 F.2d at 57.  In addition, to establish unseaworthiness under general maritime law, a plaintiff must show that the shipowner furnished a vessel that was "insufficiently or defectively equipped." *Oxley v. City of New York*, 923 F.2d 22, 25 (2d Cir. 1991).  "The standard is not perfection but reasonableness." *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 68 (2d Cir. 2019).  "[T]he vessel must be staunch, strong, well equipped for the intended voyage and manned by a competent and skillful master of sound judgment and discretion." *Tug Ocean Prince, Inc. v. U.S.*, 584 F.2d 1151, 1155 (2d Cir. 1978).

Here, the district court properly concluded that no reasonable jury could find that NYW

---

[1] Mezzina also argues that the district court erred in disregarding a declaration that he submitted alongside his motion for summary judgment under the "sham issue of fact doctrine."  Appellant's Br. 25–26.  We assume for the purpose of this appeal that Mezzina's declaration should have been considered and thus will assess the propriety of summary judgment accounting for the statements made in the declaration.

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

was negligent in failing to close the open hatch or set up physical barriers around it or in any other way. The undisputed facts in the record establish the following: (1) Mezzina helped the captain remove the hatch cover; (2) the open hatch was 39 inches long by 32 inches wide; (3) Mezzina helped the captain set up bright yellow barricades around two sides of the open hatch; (4) Mezzina saw the barricades set up when he went to speak with a deckhand nearby, who was sitting in the passenger seats due to a recent injury; (5) Mezzina again saw the barricades set up when the captain ordered him to retrieve a line located on the stern; (6) Mezzina never saw anyone remove the barricades; (7) the only other people on board the *Garden State* were the captain, who left the vessel after ordering Mezzina to fetch the line, and the injured deckhand; and (8) Mezzina fell into the hatch approximately six minutes after helping the captain open it. The captain thus warned Mezzina of the open hatch and erected barricades to notify the crew of this hazard. There is also no evidence that either the captain or the deckhand removed the barricades. NYW satisfied its obligation to, as Mezzina's expert described, "ensur[e] that appropriate barricades were in place." App'x at 141.

These facts resemble precedent finding a shipowner not liable for injuries stemming from a temporarily open hatch where the ship's crew was provided with effective notice of this hazard. In *Miller v. The Sultana*, this Court refused to find negligence where the plaintiff fell into an open hatch to an empty grain compartment. 176 F.2d 203, 205–06 (2d Cir. 1949). The Court reasoned that the plaintiff, "an experienced seaman, had reason to believe that there might be danger from an open hatch which was plainly visible to him and illuminated by daylight." *Id.* at 206.

Mezzina has failed to establish that the grant of summary judgment for NYW was in error. He contends that the district court incorrectly found that recovery was barred by his own negligence in failing to avoid an open and obvious but dangerous condition. However, the district

4

court's decision rests on a finding that NYW did not act negligently, not on Mezzina's own fault. While the district court did acknowledge the "open and obvious" nature of the hatch, this consideration bore on the notice that NYW provided Mezzina of the open hatch and NYW's duty (or lack thereof) to close it, not on whether Mezzina's own negligence barred recovery.

Moreover, uncontroverted evidence shows that Mezzina helped set up barricades around the open hatch, at the captain's behest, and that neither the captain nor the deckhand removed them. Thus, even assuming that NYW had a duty to set up barricades, it satisfied this obligation.

Mezzina's remaining arguments miss the mark. Mezzina contends that the captain issued an improvident order by indicating that Mezzina should retrieve the additional line located aft by traveling next to the open hatch and through the rear door on the *Garden State*'s main level. However, the captain's order consisted of repeated verbal directives to "get the line," App'x at 52–53, along with a vague "point[] out the main deck rear door," *id.* at 334. In this context, no reasonable jury could find that the captain ordered Mezzina to walk next to the open hatch to retrieve the line, especially given that there was an obvious alternative route. Mezzina could have retrieved the line by ascending the stairwell towards the bow of the *Garden State*, then walking aft, and then descending back to the main deck—thereby avoiding the open hatch near the door towards the stern of the vessel. Finally, NYW cannot be faulted for failing to train Mezzina to use this safe alternative route to retrieve the line. Mezzina worked for NYW for approximately 20 years, during which his job responsibilities included tying up the *Garden State*. Given this experience, no reasonable jury could find that Mezzina required specialized training to complete this task by using the vessel's upper level.

Turning to unseaworthiness, Mezzina argues that the district court erred in dismissing his unseaworthiness claim for the same reasons that it erred in dismissing his negligence claim.

However, the district court's conclusion was again correct. Mezzina has put forth no precedent or support in the record establishing that the captain's failure to close the hatch on the vessel rendered it "insufficiently or defectively equipped." Thus, even though seaworthiness is ordinarily a jury question, *Savard v. Marine Contracting, Inc.*, 471 F.2d 536, 543 (2d Cir. 1972), there was no basis here for a jury to find that the purported defects in the *Garden State* rendered it "insufficiently or defectively equipped." To the contrary, the use of barricades to warn bystanders of the open hatch suggested that the vessel was "well equipped for [its] intended voyage." *Tug Ocean Prince*, 584 F.2d at 1155.

## II.        Discovery Sanction

The district court also properly declined Mezzina's request to preclude NYW from contesting liability due to its purported discovery violations. Federal Rule of Civil Procedure 37 permits a court to impose certain discovery sanctions where a "party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Although case-dispositive sanctions are appropriate if there is a "showing of willfulness, bad faith, or fault on the part of the sanctioned party[,]" a "drastic remedy" of this nature "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). This Court reviews a district court's decision about discovery sanctions under Rule 37 for abuse of discretion. *Funk v. Belneftkhim*, 861 F.3d 354, 365 (2d Cir. 2017).

Here, the district court correctly declined to sanction NYW for purportedly destroying photographs that the captain took of the *Garden State*'s exterior because there was no indication that this evidence was relevant. Mezzina claims that the captain's photographs would have provided insight into the existence of barricades around the open hatch at the time of his fall. But

6

the hatch and the barricades were inside the ship, and the record supports NYW's assertion that the photographs depicted only the *Garden State*'s exterior before the hatch was opened. In any event, even if the photographs had been relevant, Mezzina would still not have been entitled to a sanction barring NYW from contesting liability because he did not show that NYW acted with willfulness, bad faith, or fault in destroying these materials. Nor, for that matter, did he request a lesser sanction before asking the court for a drastic, case-determinative sanction.

* * *

We have considered Mezzina's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk